IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| CURTIS RAY BALLOU, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-202 |
| | ) | |
| BRIAN OWEN, Commissioner; | ) | |
| STAN SHEPARD, Warden; and, | ) | |
| MARY ALSTON, Medical Director, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, submitted a complaint to the Clerk of Court alleging deliberate indifference to a serious medical need. As explained below, the Court **REPORTS** and **RECOMMENDS** that the case be dismissed without prejudice.

**I.  PROCEDURAL HISTORY**

Plaintiff submitted a complaint for filing on October 23, 2014. (Doc. no. 1.) The Clerk opened the above-captioned case on the Court's civil docket and sent Plaintiff a deficiency notice concerning the need for a motion to proceed *in forma pauperis* ("IFP") or payment of the filing fee. (See doc. no. 2.) Plaintiff was cautioned that failure to cure the filing deficiency within twenty-one days could result in dismissal of his case. (See id.) When Plaintiff did not respond to the deficiency notice, the Court recommended dismissal of the case on November 24, 2014. (See doc. no. 3.)

The Court's November 24th recommendation for dismissal was returned as undeliverable, accompanied by a letter from prison officials explaining that Plaintiff could not receive mail because of his then-assignment to the Crisis Stabilization Unit ("CSU") at ASMP. (Doc. no. 5.) Prison officials could offer no timetable for when Plaintiff "will be out of crisis." (Id.) Therefore, the Court vacated its recommendation and directed the Warden at ASMP to notify the Court when Plaintiff was released from the CSU. (See doc. no. 6.) The Warden has now notified the Court that Plaintiff has been released from the CSU. (Doc. no. 7.)

## II. RECOMMENDATION FOR DISMISSAL

The basis for the Court's recommendation for dismissal has not changed in that Plaintiff has not satisfied the criteria for commencement of a civil action. Nevertheless, to allow Plaintiff the opportunity for informed participation in his case, the Court will now restate the legal basis for its recommendation for dismissal that was first set forth on November 24, 2014.

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed IFP. If a party fails to satisfy these criteria, "the Clerk shall mark the complaint as to the date filed and promptly give notice of the omission to the filing party. Failure to comply within twenty-one (21) calendar days of the date that notice is served by the Clerk may result in dismissal by the Court." Loc. R. 4.1(1).

As explained in Part I, *supra*, on October 23, 2014, Plaintiff submitted a complaint to the Clerk of Court without submitting the appropriate filing fee or a request to proceed IFP, and the Clerk sent Plaintiff a deficiency notice explaining that he needed to file an IFP motion or pay the

filing fee. (See doc. no. 2.) Although Plaintiff was warned that failing to timely cure the filing could result in dismissal of his case, (see id.), and despite there being no indication that Plaintiff did not receive that notice, he did not respond to the Clerk's notice.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Plaintiff failed to comply with the requirements for commencing a civil action by submitting an appropriate filing fee or motion to proceed IFP with his complaint, and when given the opportunity to submit the appropriate paperwork, he failed to respond. Plaintiff's failure to comply with the filing requirements of the Local Rules and his failure to respond to the Clerk's deficiency notice amounts not only to a failure to prosecute, but also an abandonment of his case.

## III. CONCLUSION

Because Plaintiff failed to comply with the requirements for commencing a civil action, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of December, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA