IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CURTIS RAY BALLOU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-202 |
| | ) | |
| BRIAN OWEN, Commissioner, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On October 23, 2014, Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, submitted a complaint to the Clerk of Court without submitting the appropriate filing fee or a request to proceed IFP. The Clerk opened the above-captioned case on the Court's civil docket and sent Plaintiff a deficiency notice concerning the need for an IFP motion or payment of the filing fee. (See doc. no. 2.) Plaintiff was cautioned that failure to cure the filing deficiency within twenty-one days could result in dismissal of his case. (See id.) When Plaintiff did not respond to the deficiency notice, the Court recommended dismissal of the case on November 24, 2014. (See doc. no. 3.)

The Court's recommendation for dismissal was returned as undeliverable, accompanied by a letter from prison officials explaining that Plaintiff could not receive mail because of his current assignment to the Crisis Stabilization Unit at ASMP. (Doc. no. 5.) Prison officials could offer no timetable for when Plaintiff "will be out of crisis." (Id.) Therefore, the Court vacated its recommendation and directed the Warden at ASMP to notify the Court when Plaintiff was

released from the CSU. (See doc. no. 6.) The Warden subsequently notified the Court that Plaintiff had been released from the CSU, and the Court again entered a recommendation for dismissal on December 17, 2014, explaining that Plaintiff could not proceed without paying the filing fee or submitting a motion to proceed IFP. (Doc. nos. 7, 8.)

In response to the renewed recommendation for dismissal, Plaintiff submitted a motion to proceed IFP. (Doc. no. 11.) Accordingly, the Court **VACATES** its December 17, 2014 Report and Recommendation. (Doc. no. 8.) After reviewing Plaintiff's IFP application, it appears that he lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, subject to compliance with the conditions of this Order.

Plaintiff is hereby advised that under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, all prisoners, even those who are allowed to proceed *in forma pauperis*, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff must also pay the full appellate court filing fee if a Notice of Appeal is filed. Prisoner litigants allowed to proceed *in forma pauperis* must pay an initial partial filing fee of twenty percent (20%) of the greater of the average monthly deposits to, or the average monthly balance in, the prisoner's account for the six-month period immediately preceding the filing of the complaint. Prison officials are then required to collect the balance of the filing fee by deducting twenty percent (20%) of the preceding month's income credited to Plaintiff's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in the plaintiff's account exceeds $10 until the full filing fees are paid." Id. The entire filing fee must be paid even if this suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

In addition to requiring payment of the full filing fee, the Act requires prisoners to exhaust all administrative remedies **prior to filing** a federal lawsuit which challenges "prison conditions." 42 U.S.C. § 1997e; see also 18 U.S.C. § 3626(g)(2). All prisoner civil rights actions are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted. Moreover, even if the complaint is dismissed for failure to exhaust, the prisoner will still be responsible for payment of the full filing fee.

The law also provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this "three strikes" rule is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because of these requirements in the law, the Court will give Plaintiff an opportunity, at this time, to voluntarily dismiss the complaint pursuant to Fed. R. Civ. P. 41(a)(1). Such a voluntary dismissal will not require Plaintiff to pay the filing fee or count as a dismissal which may later subject him to the three-dismissal rule under section 1915(g). Plaintiff may dismiss his case at this time by filing a notice of dismissal.

However, should Plaintiff choose to proceed with his case, Plaintiff **MUST** comply with the following instructions:

(1) Plaintiff must furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where he has been confined for the past six months. The trust officer will complete and sign the form and return the form and supporting documents

to Plaintiff for submission to the Court. Two copies of the form are enclosed for this purpose.[1]

(2)     Plaintiff must sign and date the enclosed **Consent to Collection of Fees from Trust Account**. By signing this form, Plaintiff gives his consent to the collection of the entire filing fee from his prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.

(3)     Plaintiff must return both the **Prisoner Trust Fund Account Statement** and the **Consent to Collection of Fees from Trust Account** to the Clerk within thirty days of this Order.

Once Plaintiff has returned the required forms, the Court will review Plaintiff's complaint to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the complaint. The Court will also review Plaintiff's motion to amend, (doc. no. 10), once he has returned the required forms.

Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case, without prejudice.

SO ORDERED this 6th day of January, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court is aware that Plaintiff has submitted a partial prison account statement in conjunction with his motion to proceed *in forma pauperis*. (See doc. no. 11, pp. 4-5.) Nevertheless, Plaintiff must follow the instructions set forth in this Order regarding the enclosed Prisoner Trust Account Statement so that the trust officer can provide the Court with the information needed to determine the amount of any appropriate initial filing fee.