IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CURTIS RAY BALLOU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-202 |
| | ) | |
| BRIAN OWEN, Commissioner; | ) | |
| STAN SHEPARD, Warden; and, | ) | |
| MARY ALSTON, Medical Director, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, submitted a complaint to the Clerk of Court alleging deliberate indifference to a serious medical need. As explained below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and this civil action **CLOSED**.

### I. PROCEDURAL HISTORY

Plaintiff submitted a complaint for filing on October 23, 2014. (Doc. no. 1.) The Clerk opened the above-captioned case on the Court's civil docket and sent Plaintiff a deficiency notice concerning the need for a motion to proceed *in forma pauperis* ("IFP") or payment of the filing fee. (See doc. no. 2.) Plaintiff was cautioned that failure to cure the filing deficiency within twenty-one days could result in dismissal of his case. (See id.) When Plaintiff did not respond to the deficiency notice, the Court recommended dismissal of the case on November 24, 2014. (See doc. no. 3.)

The recommendation for dismissal was returned as undeliverable, accompanied by a letter from prison officials explaining that Plaintiff could not receive mail because of his assignment to the Crisis Stabilization Unit ("CSU") at ASMP. (Doc. no. 5.) Prison officials could offer no timetable for when Plaintiff "will be out of crisis." (Id.) Therefore, the Court vacated its recommendation and directed the Warden at ASMP to notify the Court when Plaintiff was released from the CSU. (See doc. no. 6.) Once the Warden notified the Court that Plaintiff has been released from the CSU, (doc. no. 7), the Court re-issued its recommendation for dismissal based on Plaintiff's failure to comply with Local Rule 4.1 regarding submission of the appropriate filing fee or a petition to proceed IFP. (See doc. no. 8.)

In response, Plaintiff filed a motion for leave to proceed IFP, which the Court granted subject to compliance with the terms of its Order. (See doc. nos. 11, 12.) As set forth in the Order conditionally granting leave to proceed IFP, Plaintiff was required, within thirty days of January 6, 2015, to return a Prisoner Trust Fund Account Statement covering the six months prior to submission of his complaint and a signed Consent to Collection of Fees from Trust Account form. (Doc. no. 12, pp. 3-4.) Moreover, because Plaintiff submitted a motion to proceed IFP, the Court vacated its recommendation for dismissal based on a failure to comply with Local Rule 4.1. (Id. at 2.)

On January 9, 2015, Plaintiff objected to the recommendation for dismissal based on the failure to submit an IFP motion because he had in fact submitted the motion. (See doc. no. 13.) Indeed, the Court acknowledged as much in its January 6th Order granting Plaintiff permission to proceed IFP subject to his returning the Prisoner Trust Fund Account Statement and Consent to Collection of Fees from Trust Account form. However, based on the signature date on the

2

objections, December 29, 2014, and the date the objections reached the Clerk of Court, January 9, 2015, the Court's January 6th Order granting Plaintiff permission to proceed IFP and Plaintiff's objections crossed in the mail.

Thus, after Plaintiff submitted objections complaining that he had filed a motion to proceed IFP, Plaintiff received the Court's order explaining that the case would proceed <u>if</u> Plaintiff submitted the required forms that the Clerk had enclosed with the January 6th Order. Indeed, the Court's January 6th Order was not returned to the Clerk, and Plaintiff continued to file other documents in the case. (<u>See</u> doc. no. 16 (filing a "Motion for Preliminary Injunction," purportedly on behalf of Plaintiff and ten other prisoners at ASMP, which complains about all manner of life at ASMP.) Yet, more than thirty days have now passed, and Plaintiff has not submitted the Prisoner Trust Fund Account Statement or the Consent to Collection of Fees from Trust Account form.

## II. RECOMMENDATION FOR DISMISSAL BASED ON FAILURE TO RETURN REQUIRED IFP PAPERS.

Even if the Court were to accept as true Plaintiff's conclusory allegations that prison officials have stone-walled his attempts to collect financial information from the business office, (<u>see</u> doc. no. 13), Plaintiff has offered no explanation why he has not returned the Consent to Collection of Fees form, a document that requires no input from any prison official but only Plaintiff's signature agreeing to the terms for collecting installment payments for the $350.00 filing fee for this case. Moreover, the Court's January 6th Order clearly stated that if Plaintiff chose to proceed with the case, he "**MUST**" comply with the instructions to return the Trust Fund Account Statement and the Consent to Collection of Fees from Trust Account form. (Doc. no. 12, pp. 3-4 (emphasis in original).) Plaintiff cannot proceed IFP unless he submits the

3

requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319-21 (11th Cir. 2002) (citing 28 U.S.C. § 1915). As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the case should be dismissed without prejudice.

## III. RECOMMENDATION FOR DISMISSAL AS A SANCTION FOR ABUSE OF THE JUDICIAL PROCESS.

Even if Plaintiff's case were not subject to dismissal for failing to return the required paperwork, it should be dismissed because of Plaintiff's dishonesty about his prior history of case filings.

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law,

or an inmate's right to equal protection.  Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose:  (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.  (Doc. no. 1, pp. 1-3.)

Here, under penalty of perjury, Plaintiff stated that he had not brought any federal lawsuits dealing with facts other than those involved in this case, and also that he had never had any federal lawsuit in which he had been allowed to proceed IFP dismissed as frivolous, malicious, or for failing to state a claim.  (Id. at 2, 3.)  However, the Court is aware of at least three other federal lawsuits Plaintiff has filed outside the Southern District of Georgia:  (1) Ballou v. Barber, 7:12-cv-00031 (M.D. Ga. Feb. 17, 2012); (2) Ballou v. Atlanta Med. Ctr., 1:10-cv-02959 (N.D. Ga. Sept. 15, 2010); (3) Ballou v. Fields, 2:02-cv-00174 (N.D. Ga. June 13, 2002).  Plaintiff has also previously filed two IFP cases within the Southern District of Georgia:  (1) Ballou v. Smith II, 6:06-cv-00109 (S.D. Ga. Dec. 6, 2006); and (2) Ballou v. Smith I, 6:06-cv-00094 (S.D. Ga. Oct. 16, 2006).  Moreover, as to the case Plaintiff did disclose in his complaint as dealing with the same facts involved in this action, Ballou v. GEO Group Inc., 1:11cv-01494 (N.D. Ga. May 5, 2011), he failed to disclose that his appeal was dismissed as frivolous.  Ballou v. Geo Group Inc., No. 11-14084-A (11th Cir. May 11, 2012).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Secretary Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). As discussed above, Plaintiff's answers about his prior history of case filings were blatantly dishonest, and therefore, even if Plaintiff had returned all of his required forms, this case should be dismissed without prejudice as a sanction for the dishonesty.

**IV. CONCLUSION**

Because Plaintiff has failed to return his Trust Fund Account Statement and the Consent to Collection of Fees from Trust Account form, and because Plaintiff has abused the judicial process by providing dishonest information about his prior filing history, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and this civil action **CLOSED**. Because the Court is recommending dismissal of this case in its entirety, the motion to amend and motion for a preliminary injunction should be **DENIED** as **MOOT**.[1] (Doc. nos. 10, 16.)

SO REPORTED and RECOMMENDED this 9th day of March, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In the Eleventh Circuit, prisoners proceeding IFP are not allowed to join together as plaintiffs in a single lawsuit; each prisoner must file his own case. Hubbard v. Haley, 262 F.3d 1194, 1197-98 (11th Cir. 2001), *cert denied*, 534 U.S. 1136 (2002). Thus, even if Plaintiff's case were not subject to dismissal for the reasons stated above, all eleven prisoners who signed the motion for a preliminary injunction would not be allowed to proceed together in one case.